IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD J. TRUMP,<br><br>        *Plaintiff*,<br><br>v.<br><br>COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES, *et al.*,<br><br>        *Defendants*. | Case No. 1:19-cv-02173-TNM |

**STATE DEFENDANTS' OBJECTION TO PLAINTIFF'S
NOTICE OF RELATED CASE**

  Defendants Letitia James, sued in her official capacity as Attorney General of the State of New York, and Michael R. Schmidt, sued in his official capacity as Commissioner of the New York State Department of Taxation and Finance ("DTF") (collectively, the "State Defendants"), object to Plaintiff's designation of this case as related to an action styled *Committee on Ways and Means, United States House of Representatives v. United State Department of the Treasury*, et al., No. 1:19-cv-1974-TNM (D.D.C.) (hereafter "Treasury Action"). *See* Plaintiff's Notice of Designation of Related Civil Case, ECF No. 2 ("Notice").

  Plaintiff asserts that this case is related to the Treasury Action because it purportedly involves common issues of fact and grows out of the same events. *See* Notice at 1. Plaintiff's attempt to avoid the presumptive random assignment procedure should be rejected because the facts and legal claims at issue here and the events giving rise to this action are unrelated to those in the Treasury Action. This case involves two claims: (i) a First Amendment challenge to a

newly-enacted New York statute known as the "TRUST Act," a copy of which is attached as Exhibit 1, which permits the chairpersons of three Congressional committees to request New York state tax returns for specified elected officials and others from DTF on certain conditions; and (ii) a challenge to the authority of the Chairperson of the House Committee on Ways and Means ("Committee") to make a request under the TRUST Act consistent with the U.S. House of Representatives Rules ("House Rules") and Article I of the Constitution.  The subject matter of the Treasury Action is completely different.  In that case, the Committee sued the Treasury Department and its Secretary and the Internal Revenue Service ("IRS") and its Commissioner to enforce the Committee's request for Plaintiff's *federal* tax returns pursuant to an entirely different and unrelated statute, Section 6103(f) of the Internal Revenue Code ("Code"), and to enforce the Committee's duly-issued subpoenas for nearly identical information.

Neither the Plaintiff nor the State Defendants are named in the Treasury Action and none of the defendants in the Treasury Action are parties to this case.  The Treasury Action raises no legal or factual claims involving the House Rules, Article I of the Constitution, the First Amendment, or the TRUST Act.  The Treasury Action arises out of the Committee's effort to obtain federal tax returns from a federal agency under federal law and its own subpoena power, whereas this action challenges the Committee's authority to make a request for state tax returns from a state agency under state law.  Treating these two cases as related would not promote judicial economy, nor would Plaintiff suffer any prejudice if this case – like nearly every other case filed in this District – were randomly assigned in the interests of ensuring greater public confidence in the integrity of the judicial process, guaranteeing fair and equal distribution of cases, avoiding public perception or appearance of favoritism in assignments, and reducing opportunities for judge-shopping.  Deeming this case related to the Treasury Action would

contravene the strict standard this Court has steadfastly applied for decades under Local Civil

Rule 40.5(a)(3).

I. **Background**

In this case, Plaintiff asserts two causes of action. In Count I, Plaintiff asserts that any attempt by the Chairperson of the Committee to invoke the TRUST Act to request Plaintiff's state tax returns would exceed the scope of the Committee's lawful authority in violation of Article I of the Constitution and the House Rules. Complaint (ECF No. 1) at ¶¶ 70-72. In Count II, Plaintiff asserts that the TRUST Act, which permits the Committee Chairperson (among others) to request state tax returns filed with DTF by the president, vice president, members of Congress representing New York, members of the president's executive staff, officials in a position subject to Senate confirmation, and various New York State officials (*see* Exhibit 1), facially violates the Plaintiff's First Amendment rights as it was allegedly enacted to discriminate and retaliate against the Plaintiff for his politics and speech. *Id*. at ¶¶ 74-76.

II. **Standard Of Review**

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000); *see also Boyd v. Farrin*, No. 12-cv-1893-PLF, 2012 WL 6106415, at *1 (D.D.C. Dec. 10, 2012). The "rationale behind random case assignment is that it guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, No. 16-cv-1170, 2016 WL 11184186, at *2 (D.D.C. June 24, 2016) (internal quotations omitted); *see also Dakota Rural Action v. United States Dep't of Agriculture*, No. 18-cv-2852-BAH, 2019 WL 1440134, at *1 (D.D.C. April 1, 2019). The "related case" rule set forth in Local Civil Rule 40.5 establishes an exception that "rests primarily on considerations of

judicial economy and aims to prevent the inefficiency inherent in having two judges handling cases that are so related that they involve common factual issues or grow out of the same event or transaction." *Boyd*, 2012 WL 6106415, at *1 (internal quotations omitted).

Among the four bases for determining that cases are sufficiently related to be assigned to the same judge, Plaintiff relies on two: that this case and the Treasury Action "involve[] common issues of fact" and "grow[] out of the same event or transaction." Notice at 1. Because it is Plaintiff who is requesting the related-case designation, he bears the burden of showing that the cases are related under Local Civil Rule 40.5. *See Dakota,* 2019 WL 1440134, at *1; *Dale v. Exec. Office of President,* 121 F. Supp. 2d 35, 37 (D.D.C. 2000). "The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary" and "[d]eviating from that foundational principle is appropriate only if the relationship between the two cases is certain." *Dakota*, 2019 WL 1440134, at *1.

### III. The Treasury Action And This Case Share No Common Issues of Fact And Arise From Different Events

In this case, Plaintiff challenges the Committee's authority under Article I of the Constitution and the House Rules to request documents from *state* officials under the TRUST Act and seeks to invalidate the TRUST Act as facially unconstitutional under the First Amendment. These claims, if and when they are addressed on the merits, will involve a factual and legal analysis of the Committee's authority to invoke the TRUST Act under its delegated legislative and oversight functions under Article I of the Constitution and the House Rules (assuming, *arguendo*, that a claim against the Committee is even viable under the Speech and Debate Clause (*see Eastland v. United States Servicemen's Fund*, 421 U.S. 491 (1975)), and a factual and legal analysis of the provisions of the TRUST Act, including the governmental interests that it serves.

In stark contrast, the Treasury Action was commenced by the Committee against *federal* officials and agencies to enforce a request by the Committee pursuant to Section 6103(f) of the Code and subsequently-issued subpoenas and invokes primarily the Committee's subpoena power and this Court's powers under the Administrative Procedures Act, 5 U.S.C. § 706, *et seq*. It has nothing to do with the TRUST Act (or any other New York statute for that matter), and will not involve any analysis of factual or legal issues involving the constitutional validity of, implementation of, or governmental interests served by, the TRUST Act.  Nor will the Treasury Action require the Court to assess the Committee's authority under the Constitution or House Rules to invoke a statute permitting access to the New York State income tax returns filed by certain enumerated elected and appointed government officials.  Simply put, there is no judicial efficiency to be gained by having a single judge preside over both this case and the Treasury Action; the cases involve different parties, different factual and legal claims, and different laws.

Because the cases involve no common set of facts, Plaintiff's related case argument is even weaker than the argument presented in *Dakota*, where the two cases "require[d] analyzing the same *kinds* of facts" yet this Court held that was still "insufficient to support a claim of relation."[1]  *Dakota*, 2019 WL 1440134, at *2 (emphasis in original).  In *Dakota*, the Court concluded that finding the two cases related "would sweep too broadly, encompassing multiple actions implicating common analyses of common types of facts."  *Id*.  *A fortiori*, a finding that this case and the Treasury Action are related would certainly "sweep too broadly."  *Id*.

Similarly, this case and the Treasury Action arise from different and distinct events.  This case arises out of the passage of the TRUST Act and the *potential* for the Committee Chairperson

---

[1] Even where, contrary to here, there are a minimal number of common issues of fact, this Court has held that to be completely insufficient to satisfy the related-case standard.  *Dale*, 121 F. Supp. 2d at 37.

to invoke the TRUST Act provisions to request Plaintiff's New York State tax returns from DTF. The Treasury Action arises out of the Committee's *actual* request for Plaintiff's federal tax returns pursuant to Section 6103(f) of the Code and the Committee's efforts to enforce subsequently-issued subpoenas for nearly identical information. There is no common event giving rise to both cases.

## IV.  Conclusion

The Treasury Action and this case are not "so related" that significant judicial efficiencies would be achieved by departing from this Court's strictly-enforced presumptive rule of random assignment. *See Boyd*, 2012 WL 6106415, at *1. Therefore, the Court should transfer the case to the Court's Calendar Committee for random reassignment.

Dated:   New York, New York
         July 25, 2019

                                         LETITIA JAMES
                                         Attorney General of the State of New York

                                         By:      /s/ Andrew Amer
                                                Andrew Amer
                                         Special Litigation Counsel
                                         28 Liberty Street, 17th Floor
                                         New York, New York 10005
                                         (212) 416-6127
                                         Andrew.amer@ag.ny.gov

                                         *Attorney for Defendants Letitia James, in her official capacity, and Michael R. Schmidt, in his official capacity*