## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD J. TRUMP,

                            *Plaintiff*,

        v.

COMMITTEE ON WAYS AND MEANS,
UNITED STATES HOUSE OF
REPRESENTATIVES, *et al.*,

                            *Defendants*.

Case No. 1:19-cv-02173

## RESPONSE OF THE COMMITTEE ON WAYS AND MEANS OF THE UNITED STATES HOUSE OF REPRESENTATIVES IN OPPOSITION TO PLAINTIFF'S MOTION FOR EMERGENCY EQUITABLE RELIEF UNDER THE ALL WRITS ACT

Douglas N. Letter (D.C. Bar No. 253492),
    *General Counsel*
Todd B. Tatelman (VA Bar No. 66008),
    *Deputy General Counsel*
Megan Barbero (MA Bar No. 668854),
    *Associate General Counsel*
Josephine Morse (D.C. Bar No. 1531317),
    *Associate General Counsel*
Brooks M. Hanner (D.C. Bar No. 1005346),
    *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
Douglas.Letter@mail.house.gov

*Counsel for Defendant the Committee on Ways and
    Means of the United States House of
    Representatives*

July 25, 2019

## TABLE OF CONTENTS

INTRODUCTION.........................................................................................................................1

BACKGROUND ........................................................................................................................2

ARGUMENT ............................................................................................................................3

    THE SPEECH OR DEBATE CLAUSE PRECLUDES MR. TRUMP'S APPLICATION FOR
    EMERGENCY RELIEF AND HIS SUIT AGAINST THE WAYS AND MEANS COMMITTEE ...........3

CONCLUSION ........................................................................................................................10

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

**Cases**

*Astrazeneca Pharmaceuticals LP v. Burwell*,
197 F. Supp. 3d 53 (D.D.C. 2016) ......................................................................9

*Brown & Williamson Tobacco Corp. v. Williams*,
62 F.3d 408 (D.C. Cir. 1995) .............................................................................7

\*    *Doe v. McMillan*,
412 U.S. 306 (1973) ........................................................................................5, 6

\*    *Eastland v. U. S. Servicemen's Fund*,
421 U.S. 491 (1975) ...........................................................1, 2, 3, 4, 5, 6, 7

*Gravel v. United States*,
408 U.S. 606 (1972) .............................................................................................4

*In re Brown*,
692 F. App'x 89 (3d Cir. 2017) .......................................................................9

*In re Stone*,
569 F.2d 156 (D.C. Cir. 1978) ........................................................................10

*In re Tennant*,
359 F.3d 523 (D.C. Cir. 2004) ........................................................................10

*Jewish War Veterans v. Gates*,
506 F. Supp. 2d 30 (D.D.C. 2007) ....................................................................7

*Kilbourn v. Thompson*,
103 U.S. 168 (1880) ........................................................................................5, 6

*McGrain v. Daugherty*,
273 U.S. 135 (1927) .............................................................................................2

*McSurely v. McClellan*,
553 F.2d 1277 (D.C. Cir. 1976) ........................................................................7

*Miller v. Transamerican Press, Inc.*,
709 F.2d 524 (9th Cir. 1983) ............................................................................7

*MINPECO, S.A. v. Conticommodity Servs., Inc.*,
844 F.2d 856 (D.C. Cir. 1988) ..........................................................................7

*Ogunwomoju v. United States*,
   512 F.3d 69 (2d Cir. 2008) ........................................................................9

*Rangel v. Boehner*,
   785 F.3d 19 (D.C. Cir. 2015) ..................................................................5, 6

*United States v. Biaggi*,
   853 F.2d 89 (2d Cir. 1988) ........................................................................8

*United States v. Brewster*,
   408 U.S. 501 (1972) ...................................................................................6

*United States v. Helstoski*,
   442 U.S. 477 (1979) ...........................................................................1, 4, 6

*United States v. Johnson*,
   383 U.S. 169 (1966) ...................................................................................6

*Wagner v. Taylor*,
   836 F.2d 566 (D.C. Cir. 1987) ..................................................................9

*White v. Ward*,
   145 F.3d 1139 (10th Cir. 1998) ................................................................9

**Constitutional Provisions & Federal Statutes**

U.S. Const., Art. I, § 1 ...................................................................................2

* Speech or Debate Clause, U.S. Const., Art. I, § 6, cl. 1 ...............................1

28 U.S.C. § 1651 ............................................................................ 1, 3, 8-9, 9

**State Statutes & Bills**

NY Tax Code § 697 (2019),
   https://tinyurl.com/NYTRUSTAct ............................................................ 2

**Rules of the U.S. House of Representatives (116th Cong.)**

Rule X.1(t) .....................................................................................................2

Rule X.2 ..........................................................................................................2

## INTRODUCTION

The Committee on Ways and Means of the United States House of Representatives (Ways and Means Committee) submits this response in opposition to President Donald J. Trump's Emergency Application for Relief Under the All Writs Act.[1]  Mr. Trump's complaint and his emergency application brazenly request that this Court violate the separation of powers and enjoin the Ways and Means Committee from even embarking on legislative activity squarely within its Article I powers.  The Supreme Court has repeatedly made clear that courts lack the power to do what Mr. Trump asks.  As the Court has stressed, the Speech or Debate Clause, U.S. Const., Art. I, § 6, cl. 1, is an "absolute bar to interference" by the Judiciary with any Congressional activity within the "legislative sphere." *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975); *United States v. Helstoski*, 442 U.S. 477, 491 (1979) ("This Court has reiterated the central importance of the Clause for preventing intrusion by [the] Executive and Judiciary into the legislative sphere.").

The Ways and Means Committee's decision whether to avail itself of a newly enacted provision of the New York tax code is a legislative act absolutely immune from challenge through the court system.  This Court thus lacks jurisdiction to grant the relief requested by Mr. Trump.  Mr. Trump's invocation of the All Writs Act has no effect on this analysis.  The All Writs Act authorizes federal courts to grant writs necessary "in aid of their respective jurisdictions." 28 U.S.C. § 1651.  But this Court is barred by the Constitution from enjoining the Ways and Means Committee's legislative decisionmaking—the All Writs Act does not authorize relief where, as here, the Court has no jurisdiction to protect.

---

[1] Plaintiff is Donald J. Trump in his individual (not official) capacity.  Accordingly, this brief generally refers to plaintiff as Mr. Trump.

Accordingly, this Court should expeditiously deny Mr. Trump's jurisdictionally defective and meritless application and dismiss the Ways and Means Committee from this case. *See Eastland*, 421 U.S. at 511 (cautioning against "the harm that judicial interference may cause" by enjoining a Congressional subpoena for years during litigation).

## BACKGROUND

Article I of the Constitution vests Congress with "[a]ll legislative Powers." U.S. Const., Art. I, § 1. These powers include the authority to inquire into matters relating to subjects within Congress's broad legislative purview and to conduct oversight of Executive Branch agencies. *See, e.g.*, *McGrain v. Daugherty*, 273 U.S. 135, 174 (1927). The Ways and Means Committee is a standing committee of the United States House of Representatives charged with, among other responsibilities, legislating and conducting oversight of the U.S. Department of the Treasury, the Internal Revenue Service, and the administration of our Nation's tax laws. *See* Rule X.1(t), X.2, Rules of the U.S. House of Representatives (116th Cong.).[2]

On July 8, 2019, the Governor of New York signed into law an amendment to the State tax code permitting each of the Chairs of Congress's three tax committees—the Ways and Means Committee, the Senate Committee on Finance, and the Joint Committee on Taxation—to request in writing state tax return information of the President, the Vice President, any member of Congress representing New York state, certain Executive Branch employees and officers, and certain New York state officials and judges. *See* NY Tax Code § 697(f-1), (f-2) (2019).[3] This amendment further states that, provided certain requirements are met, the Commissioner of the New York State Department of Taxation and Finance "shall furnish" the requested tax

---

[2] *Available at* https://tinyurl.com/116thHouseRules.

[3] *Available at* https://tinyurl.com/NYTRUSTAct.

information to the requesting Committee.  *Id.*  The newly adopted amendment contains no requirement that notice be provided to the taxpayer whose records are subject to such a Congressional inquiry.  *Id.*

On July 23, 2019, Mr. Trump filed this suit raising a First Amendment challenge to the New York law and seeking declaratory and injunctive relief against the Ways and Means Committee, the New York State Attorney General, Letitia James, and the Commissioner of the New York State Department of Taxation and Finance, Michael R. Schmidt.  ECF No. 1 (Compl.).  Mr. Trump alleges, among other claims, that Ways and Means Committee Chairman Richard Neal "could decide to request the President's state returns."  Compl. ¶ 7.

## ARGUMENT

### THE SPEECH OR DEBATE CLAUSE PRECLUDES MR. TRUMP'S APPLICATION FOR EMERGENCY RELIEF AND HIS SUIT AGAINST THE WAYS AND MEANS COMMITTEE

This Court lacks jurisdiction to grant Mr. Trump the relief he seeks against the Ways and Means Committee.  The Committee's decision whether and how to exercise its power of inquiry is a legislative act absolutely protected against challenge in litigation by the Speech or Debate Clause.  That Mr. Trump seeks relief pursuant to the All Writs Act does not allow an evasion of this fundamental constitutional principle.  This Court is authorized to issue writs "in aid" of its jurisdiction.  28 U.S.C. § 1651.  But where—as is the case here—the Court does not, and never will have, jurisdiction to enjoin the Ways and Means Committee's decisionmaking process, it has no authority to issue such a writ.

**1.**  The Supreme Court's decision in *Eastland v. U. S. Servicemen's Fund*, 421 U.S. 491 (1975), establishes that the Speech or Debate Clause bars Mr. Trump's claim against the Ways and Means Committee.  *Eastland* presented the question whether "a federal court may enjoin the issuance by Congress of a subpoena duces tecum that directs a bank to produce the bank records

3

of an organization which claims a First Amendment privilege status for those records." *Id.* at 492-93.  The Supreme Court held that "the actions of the Senate Subcommittee, the individual Senators, and the Chief Counsel" in issuing the subpoena "are protected by the Speech or Debate Clause of the Constitution, Art. I, § 6, cl. 1, and are therefore immune from judicial interference." *Id.* at 501.  *Eastland* thus makes clear that this Court lacks jurisdiction not only over the Committee but also over individual Members.  Mr. Trump, therefore, cannot amend his complaint to add Chairman Neal.

The Supreme Court in *Eastland* explained that "[t]he purpose of the [Speech or Debate] Clause is to insure that the legislative function the Constitution allocates to Congress may be performed independently …. [T]he 'central role' of the Clause is to 'prevent intimidation of legislators by the Executive and accountability before a possibly hostile judiciary.'" *Eastland*, 421 U.S. at 502 (quoting *Gravel v. United States*, 408 U.S. 606, 617 (1972)); *see also United States v. Helstoski*, 442 U.S. 477, 491 (1979) ("This Court has reiterated the central importance of the Clause for preventing intrusion by [the] Executive and Judiciary into the legislative sphere.").  As the Court has instructed, the Clause must be broadly construed and applied because that was "the conscious choice of the Framers buttressed and justified by history." *Id.* (quotation marks omitted).

*Eastland* emphasized that Speech or Debate Clause immunity is "absolute" and covers all actions "within the sphere of legitimate legislative activity."  421 U.S. at 501 (quotation marks omitted).  As the Supreme Court stressed, "[w]ithout exception, our cases have read the Speech or Debate Clause broadly to effectuate its purposes." *Id.*; *Gravel*, 408 U.S. at 617-18 (rejecting a "cramped construction" of the Speech or Debate Clause and explaining that it applies to "things generally done in a session of the House by one of its members in relation to the business before

4

it" (quoting *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1880)).   The Clause's immunity protects legislators "not only from the consequences of litigation's results but also from the burden of defending themselves." *Eastland*, 421 U.S. at 503 (quotation marks omitted).   As the Supreme Court has explained, "a private civil action, whether for an injunction or damages, creates a distraction and forces Members to divert their time, energy, and attention from their legislative tasks to defend the litigation." *Id.*

The Supreme Court has rejected the argument that Mr. Trump advances in his complaint, *see* Compl. ¶¶ 16-20, 70-72, that he can proceed against the Ways and Means Committee because (in his erroneous view) the Committee would lack any legitimate legislative purpose if it decided to proceed under the New York law.  *See Doe v. McMillan*, 412 U.S. 306 (1973).   In *McMillan*, plaintiffs filed suit against, among others, the Chairman and Members of the House Committee on the District of Columbia, seeking relief from the publication of information about their children in a House report on the theory that including "materials describing particular conduct on the part of identified children was actionable because [it was] unnecessary and irrelevant to any legislative purpose." *Id.* at 312.  The Supreme Court rejected that argument, explaining that "[c]ases in this Court … from *Kilbourn* to *Gravel* pretermit the imposition of liability on any such theory." *Id.*

To the contrary, "Congressmen and their aides are immune from liability for their actions within the legislative sphere, even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes." *McMillan*, 412 U.S. at 312-13 (quotation marks omitted); *see Rangel v. Boehner*, 785 F.3d 19, 24 (D.C. Cir. 2015) (explaining that Congressional action does not lose its legislative character because it is alleged to be "*illegal*"—an argument that "has been rejected time and again").  The

Supreme Court in *McMillan* emphasized that "[a]lthough we might disagree with the Committee as to whether it was necessary, or even remotely useful, to include the names of individual children in the evidence submitted to the Committee and in the Committee Report, we have no authority to oversee the judgment of the Committee in this respect or to impose liability on its Members if we disagree with their legislative judgment."  412 U.S. at 313.  This Court must similarly reject Mr. Trump's invitation to oversee the Ways and Means Committee's judgment here.

Moreover, the Speech or Debate Clause is not abrogated by allegations that the Committee acted unlawfully or with an unworthy purpose.  The Speech or Debate Clause bars any "'inquiry into … the motivation for [legislative] acts.'"  *Helstoski*, 442 U.S. at 489 (quoting *United States v. Brewster*, 408 U.S. 501, 525 (1972)); *see also Eastland*, 421 U.S. at 508-09 ("[I]n determining the legitimacy of a congressional act we do not look to the motives alleged to have prompted it.").  The Supreme Court has emphasized that an allegation of improper motivation, such as that raised by Mr. Trump in his complaint, "is precisely what the Speech or Debate Clause generally forecloses from executive and judicial inquiry."  *United States v. Johnson*, 383 U.S. 169, 180 (1966).  Nor does an act "lose its legislative character simply because a plaintiff alleges that it violated the House Rules, or even the Constitution.  Such is the nature of absolute immunity, which is—in a word—absolute."  *Rangel*, 785 F.3d at 24 (citing *Kilbourn*, 103 U.S. at 203, and *McMillan*, 412 U.S. at 312-13).

In addition, *Eastland* distinguished Speech or Debate decisions that involved criminal contempt because "those cases did not involve attempts by private parties to impede congressional action where the Speech or Debate Clause was raised by Congress by way of defense."  *Id.* at 509 n.16.  As the Court made clear, although it may be appropriate in criminal

6

contempt cases to "balanc[e] First Amendment rights against public interests," in cases like this one, which involve an "attempt to interfere with an ongoing activity by Congress, and that activity is found to be within the legitimate legislative sphere, *balancing plays no part*." *Id.* (emphasis added) (quotation marks omitted).

The Committee's decision whether to take any action under the New York law *at some point in the future* is absolutely protected by the Clause. *See* Compl. ¶ 7 ("Chairman Neal *could decide* to request the President's state returns" (emphasis added)). As discussed, *Eastland* establishes that a Congressional subpoena is a legislative act for which the Clause "provides complete immunity." 421 U.S. at 507. Less formal Congressional information gathering is also protected, as the D.C. Circuit has held. *See McSurely v. McClellan*, 553 F.2d 1277, 1287 (D.C. Cir. 1976) (en banc) ("[A]cquisition of knowledge through informal sources is a necessary concomitant of legislative conduct and thus should be within the ambit of the [Speech or Debate] privilege so that congressmen are able to discharge their constitutional duties properly." (quotation marks omitted)).[4] And in *McMillan*, the Court held that the act of "authorizing an investigation pursuant to which … materials were gathered" is entitled to the broad protections of the Clause. 412 U.S. at 313; *see also MINPECO, S.A. v. Conticommodity Servs., Inc.*, 844 F.2d 856, 860 (D.C. Cir. 1988) ("Thus, the process by which a committee takes statements and

---

[4] *See, e.g.*, *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 411-12, 423 (D.C. Cir. 1995) (documents voluntarily delivered to committee by private citizen protected); *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 530 (9th Cir. 1983) ("Obtaining information pertinent to potential legislation or investigation is one of the 'things generally done in a session of the House,' concerning matters within the 'legitimate legislative sphere.'" (citations omitted)); *Jewish War Veterans v. Gates*, 506 F. Supp. 2d 30, 54 (D.D.C. 2007) ("under the law of this and other circuits, informal information gathering in connection with or in aid of a legitimate legislative act is itself protected by the Speech or Debate Clause").

prepares them for publication clearly qualifies as an activity within the legislative sphere." (quotation marks and citation omitted)).

There can be no reasonable dispute that if the issuance of a subpoena, informal information gathering, authorization of an investigation, and other investigative acts fall within the legislative sphere, then the Ways and Means Committee's decision whether and how to proceed under the New York law to fulfill its oversight and investigative functions is itself legislative activity immune from challenge. Consistent with the Supreme Court's broad interpretation of Speech or Debate Clause immunity, courts have declined to second-guess whether legislative activity is "in fact" legislative. *See United States v. Biaggi*, 853 F.2d 89, 103 (2d Cir. 1988) (explaining generally "that the Speech or Debate Clause forbids not only inquiry into acts that are manifestly legislative but also inquiry into acts that are purportedly legislative, 'even to determine if they are legislative in fact'" (citation omitted)).

For similar reasons, there is no legitimate basis for this Court to impose on the Ways and Means Committee a requirement that is not contained in the New York law or impose a judicial monitoring requirement for the Committee's decisionmaking where none exists. Requiring the Committee "to notify the Court if its Chairman intends to request the President's" tax information as Mr. Trump requests (ECF No. 6-1, at 6 (Application)), would interfere with protected legislative activity and effectively grant Mr. Trump an extra-constitutional veto over the Committee's core legislative and investigative decisions.

**2.** The fact that Mr. Trump seeks relief under the All Writs Act does not alter the Ways and Means Committee's immunity from suit under the Speech or Debate Clause. The All Writs Act authorizes federal courts to issues writs "in aid of their respective jurisdictions." 28 U.S.C.

§ 1651.  Where, as here, the Court lacks jurisdiction to grant relief, there is no jurisdiction to aid and section 1651 does not apply.

As discussed above, the Supreme Court's interpretation of the Speech or Debate Clause precludes this Court from enjoining the Committee in the exercise of its legislative function—*i.e.*, deciding whether and how to seek Mr. Trump's tax returns under the New York law to advance its legislative, oversight, and investigatory functions.  Mr. Trump principally relies (Application at 1, 4, 5) on *Astrazeneca Pharmaceuticals LP v. Burwell*, 197 F. Supp. 3d 53, 56 (D.D.C. 2016) to argue that this Court should nevertheless grant emergency injunctive relief "to preserve the availability of meaningful judicial review."  But as this court emphasized in *Astrazeneca*, "*[i]f the court may eventually have jurisdiction of the substantive claim*," the All Writs Act authorizes the court "to impose a temporary restraint in order to preserve the status quo pending ripening of the claim for judicial review."  *Id.* (emphasis added) (quoting *Wagner v. Taylor*, 836 F.2d 566, 571 (D.C. Cir. 1987)).  Unlike *Astrazeneca*, this Court will never "have jurisdiction of the substantive claim" against the Committee, and the writ therefore cannot be "necessary or appropriate in aid of [the court's] respective jurisdiction[]."  28 U.S.C. § 1651.

Applying these principles, courts have held that section 1651 does not authorize relief where the court has no jurisdiction to protect—for example, where a plaintiff in federal court seeks to compel action by state or local officials.  *See, e.g.*, *In re Brown*, 692 F. App'x 89, 91 (3d Cir. 2017) (holding that court lacked authority under section 1651 to "compel[] 'action' by city officials"); *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008) (explaining that "federal courts lack jurisdiction" to grant writ of error *coram nobis* under section 1651(a) "with respect to state court judgments"); *White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam) (affirming denial of writ of mandamus under section 1651 and explaining that federal

9

courts "lack[] jurisdiction to direct a state court to perform its duty").  This same reasoning applies to Mr. Trump's request that this Court enjoin the Committee in its legislative decisionmaking.  This Court cannot construe the All Writs Act to evade the Committee's Speech or Debate Clause immunity.

In short, section 1651 does not authorize issuance of the writ here because this Court has no "jurisdiction over the instant case, past, present, or future, which mandamus could 'aid.'"  *In re Stone*, 569 F.2d 156, 157 (D.C. Cir. 1978) (holding that the court lacked jurisdiction under section 1651 to issue a writ of mandamus to the Tax Court); *see also In re Tennant*, 359 F.3d 523, 531 (D.C. Cir. 2004) (explaining that the court "lack[ed] jurisdiction over [the petitioner's] claims for injunctive relief under the All Writs Act" where petitioner had not invoked the agency's jurisdiction and the court had "no future appellate jurisdiction that a writ of mandamus could protect").

## CONCLUSION

For all the reasons discussed, Mr. Trump's motion for emergency equitable relief must be denied and the Ways and Means Committee must be dismissed with prejudice.

Respectfully submitted,

*/s/ Douglas N. Letter*
Douglas N. Letter (D.C. Bar No. 253492),
  *General Counsel*
Todd B. Tatelman (VA Bar No. 66008),
  *Deputy General Counsel*
Megan Barbero (MA Bar No. 668854),
  *Associate General Counsel*
Josephine Morse (D.C. Bar No. 1531317),
  *Associate General Counsel*
Brooks M. Hanner (D.C. Bar No. 1005346),
  *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL[*]
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
Douglas.Letter@mail.house.gov

*Counsel for Defendant the Committee on Ways and
Means of United States House of Representatives*

July 25, 2019

---

[*] Attorneys for the Office of General Counsel for the U.S. House of Representatives are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States or of any State or political subdivision thereof without compliance with any requirements for admission to practice before such court." 2 U.S.C. § 5571. The Office of General Counsel wishes to acknowledge the assistance of law clerks Lily Hsu, a student at The George Washington University Law School, and Nate King, a student at The Catholic University of America, Columbus School of Law, and legal assistant Harry Raffel, a student at the University of Michigan, in preparing this response.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2019, I caused the foregoing document to be filed via this

Court's CM/ECF system, which I understand caused service on all registered parties.


_/s/ Douglas N. Letter_
Douglas N. Letter