UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD J. TRUMP**, | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-02173 (TNM) |
| **COMMITTEE ON WAYS AND MEANS, U.S. HOUSE OF REPRESENTATIVES**, *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

In this case, President Donald J. Trump, in his personal capacity, sued the U.S. House of Representatives' Committee on Ways and Means ("the Committee"); New York Attorney General Letitia James; and Commissioner of the New York State Department of Taxation and Finance Michael R. Schmidt. *See* Compl. at 1, ECF No. 1. His Complaint alleges violations of (1) Article I of the United States Constitution and House Rules; and (2) the First Amendment. *Id.* at 22–23.

Along with the Complaint, President Trump also filed a Notice of Related Case representing that this case "involves common issues of fact" and "grows out of the same event or transaction" with *Committee on Ways and Means, United States House of Representatives v. United States Department of Treasury, et al.*, No. 19-cv-01974 (TNM), an earlier-filed case assigned to me. *See* ECF No. 2. Under the Local Rules, this case was then also assigned to me. *See* LCvR 40.5(c)(1) ("Where the existence of a related case in this Court is noted at the time . . . the complaint is filed, the Clerk shall assign the new case to the judge to whom the oldest related case is assigned."). Defendants Letitia James and Michael R. Schmidt (collectively "the State

Defendants") filed an Objection to Plaintiff's Notice of Related Case, ECF No. 12.[1] For the reasons below, this case will be transferred to the Calendar and Case Management Committee for random reassignment. LCvR 40.5(c)(1).

## I.

Generally, all new cases filed in this courthouse are randomly assigned. *See* LCvR 40.3(a). But Local Civil Rule 40.5 creates an exception to for "related cases." *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). If there is a related case in this Court when a plaintiff files his complaint, the Clerk of the Court assigns the new case to the judge to whom the oldest related case is assigned. LCvR 40.5(c)(1). Civil cases "are deemed related when then the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3).

The party requesting the related-case designation bears the burden of showing that the cases are related under Local Civil Rule 40.5. *See Judicial Watch, Inc. v. Rossotti*, 2002 WL 31100839, at *1 (D.D.C. Aug. 2, 2002). "The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary." *Dakota Rural Action v. U.S. Dep't of Agric.*, 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019). And the judge to whom a case is assigned resolves any objection to a related-case designation. LCvR 40.5(c)(1).

## II.

In *Committee on Ways and Means, United States House of Representatives v. United States Department of Treasury, et al.*, which is still pending, the Committee has sued the U.S.

---

[1] The Committee took no position about whether the cases are related.

Department of the Treasury, the Internal Revenue Service, Treasury Secretary Steven T. Mnuchin, and IRS Commissioner Charles P. Rettig "to seek relief from Defendants' refusal to produce tax return information concerning President Donald J. Trump in response to the Committee's valid oversight requests." Compl. at 1–2, ECF No. 1, No. 19-cv-01974 (TNM). The President subsequently intervened as a defendant. ECF No. 14. The President claims that the cases are related because the President's claim here and his defense in the earlier-filed case are identical: disclosure of the President's tax returns, be it federal or state, lacks a legitimate legislative purpose under Article I of the U.S. Constitution. *See* Pl.'s Reply re Notice of Related Case at 1, ECF No. 13.

The President's claim of relation is not frivolous. Cases are related if they share "common issues of fact" or "grow out of the same event or transaction," but the Rule offers no guidance about how much factual overlap is needed, how similar the underlying facts must be, or what constitutes an event. *See* LCvR 40.5(a)(3). In both cases, the President intends to argue that the Committee lacks a legitimate legislative purpose under Article I to seek any of his tax returns. These cases also involve some of the same parties: the President is the plaintiff here, and an intervenor-defendant in the earlier-filed case, while the Committee is the plaintiff in the earlier-filed case and a defendant here. Colloquially, the cases are clearly related. In short, there is plenty of reason for the President to believe that these cases are related under the Local Rules.

But the Court disagrees. First, these cases involve different claims. The focus of the earlier-filed case is a *federal* statute that, the Committee argues, allows it to acquire the President's *federal* tax returns from a *federal* agency. Compl. at 1–4, ECF No. 1, No. 19-cv-01974 (TNM). Here, the President argues that the Committee cannot invoke New York's Tax Returns Released Under Specific Terms ("TRUST") Act to request the President's state tax

3

returns from the state of New York. Compl. at 22. He also claims that the TRUST Act violates the First Amendment because the New York Legislature enacted it to discriminate and retaliate against President Trump for his speech and politics. *Id*. at 4. The President asks the Court to declare it unconstitutional. *Id*. Such a First Amendment challenge has nothing do with the earlier-filed case. Resolution of this claim likely will involve questions of the New York Legislature's purpose and legal analysis of provisions of a state law: the TRUST Act.

More, the earlier-filed case relates to a subpoena that the Committee has already served on the Treasury. Compl. at 25–26, ECF No. 1, No. 19-cv-01974 (TNM). Here, the Committee has not yet made any request to a New York official for the President's state tax returns. This fact alone shows that these cases will necessarily involve a different set of facts.[2]

The President argues that these two cases are related because "the key factual issues in both cases will turn on *purpose*." Pl.'s Reply at 3. While this case relates to the purpose of the TRUST Act and the purpose of the Committee's request for the state tax returns, the earlier-filed case involves at most the purpose only behind the Committee's request for the federal tax returns. *See id*. That is, the earlier-filed case will not involve any inquiry into the purpose of the New York Legislature in passing the TRUST Act or the Committee's purpose in requesting the President's state tax returns, if that happens.

More still, it is not clear that this case will involve an inquiry into the Committee's purposes at all. The Supreme Court has made clear that "in determining the legitimacy of a congressional act we do not look to the motives alleged to have prompted it." *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 508 (1975). This is important because "[i]n times of political passion, dishonest or vindictive motives are readily attributed to legislative conduct and as

---

[2] The Court expresses no view as to ripeness of the case.

readily believed." *Id.* at 509.[3] So while the President insists that both cases will involve the Committee's purpose in seeking the President's tax returns, I am not so sure.

The rest of the President's arguments are unavailing as well. The President argues that these cases both grow out of the Committee's request for the President's federal tax returns. Pl.'s Reply at 4. But the earlier-filed case arises of the Committee's request for the federal tax returns while this case arises from the passage of the TRUST Act. True, both cases have some of the same parties. But under the Local Rules, overlapping parties is not among the bases for a related-case designation. *See* LCvR 40.5(a)(5); s*ee also Dakota Rural Action*, 2019 WL 1440134, at *3. The President also points out that both cases also involve the same counsel. Pl.'s Reply at 2. While it may be convenient for counsel if the cases are designated as related, it is difficult to see how this fact serves the interest of judicial economy, which animates the "related cases" exception.

Scrupulous adherence to Local Rule 40.5 is important "to avoid any appearance of judge-shopping or favoritism in assignments and to assure the public that cases were assigned on an impartial and neutral basis." *Tripp*, 196 F.R.D. at 202.

---

[3] On the other hand, *Eastland*'s Speech or Debate Clause analysis is likely inapplicable in the earlier-filed case given its posture, as Committee's counsel conceded at the motion hearing. The Circuit has explained that "[t]he purpose of the Speech or Debate clause is to shield members of Congress sued by others based on the members' remarks, not to serve as a sword to assist members of Congress suing others." *S. Christ. L'ship Conf. v. Kelley*, 747 F.2d 777, 781 (D.C. Cir. 1984).

**III.**

For all these reasons, the Court finds that departure from the normal practice of random case assignment is not warranted.  Consistent with Local Civil Rule 40.5(c)(1), this case will be transferred to the Calendar and Case Management Committee for random assignment.

**SO ORDERED.**


Dated: July 25, 2019                                      _____

                                                          TREVOR N. McFADDEN, U.S.D.J.