## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD J. TRUMP,<br><br>                         Plaintiff,<br><br>v.<br><br>COMMITTEE ON WAYS AND MEANS, UNITED STATES HOUSE OF REPRESENTATIVES; LETITIA JAMES, in her official capacity as Attorney General of New York State; and MICHAEL R. SCHMIDT, in his official capacity as Commissioner of the New York State Department of Taxation and Finance,<br><br>                       Defendants. | Civil Action No. 1:19-cv-2173-CJN |

## JOINT STATUS REPORT

Following yesterday's hearing and this Court's minute order, the parties have met and conferred in good faith "to determine whether they can reach an agreement regarding how best to proceed in light of [the Court's] three goals" of (1) "ensuring that Mr. Trump's claims do not become moot before they can be litigated," (2) "treading as lightly as possible, if at all, on separation of powers and Speech or Debate Clause concerns," and (3) "adjudicating the issues in this dispute only when it is actually ripe and has a fuller record than presently exists." Tr. 53-54. Notwithstanding their best efforts, the parties are unable to reach agreement. Their respective positions regarding how this case should proceed are below.

### Plaintiff's Position

Plaintiff asks the Court to order the Committee to notify the parties and the Court at least 14 days before it makes a TRUST Act request concerning President Trump or any related entity. This notice procedure mirrors the relief that Judge Moss ordered against the Executive Branch in *Astrazeneca Pharmaceuticals LP v. Burwell*, 197 F. Supp. 3d 53 (D.D.C. 2016). The only difference is that the "window for judicial review" would be somewhat larger here to reflect the fact that the Court has

1

not yet received briefing on the merits. *Cf. id.* at 54-55. Plaintiff believes that at least 14 days are needed to afford the "substantial advanced notice," Tr. 53, that will allow these weighty issues to be adequately briefed, argued, and decided. By comparison, it took nearly a month to brief, argue, and decide similar issues in the *Mazars* litigation.

Alternatively, Plaintiff asks the Court to order the New York Defendants to notify the Court and the parties if it receives a TRUST Act request from the Committee concerning President Trump or any related entity, and then to wait at least 14 days before complying with the Committee's request. The New York Defendants' venue and personal-jurisdiction objections are no reason to deny issuance of a jurisdiction-protecting order under the All Writs Act that remains in place until the dispute matures. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *see also Belbacha v. Bush*, 520 F.3d 452, 455-56 (D.C. Cir. 2008).

Under either of Plaintiff's alternatives, Plaintiff asks the Court to hold this case in abeyance until the Committee makes a request, represents to the Court that it will not do so, or the 116th Congress adjourns. *See generally Khadr v. Bush*, 587 F. Supp. 2d 225, 229 (D.D.C. 2008) ("[A]beyance … turns upon the unique circumstances of the case, and is largely a matter of discretion for the court. A court may grant such [relief] if it finds that in the interest of judicial economy and avoiding unnecessary litigation a stay is appropriate." (cleaned up)). Because the case would be held in abeyance, the New York Defendants would not be forced to litigate in this forum over their objection. Their venue and personal-jurisdiction objections would be preserved, and they could be raised once this case ripens. Until then, "there is … nothing to be litigated." Tr. 57.

Plaintiff believes that both of its proposed alternatives fully meet the Court's three goals. First, both will ensure that the case does not become moot before the President can be heard in court. Second, both tread lightly (if at all) on separation-of-powers or Speech or Debate concerns; indeed

neither alternative enjoins the Committee from making a request for the President's state tax returns. Third, and last, both alternatives guarantee that the issues in this dispute will not be litigated until they are actually ripe and a fuller record has been made.

Committee Defendant's Position

With regard to how this case should proceed, the Committee on Ways and Means submits that the Court should deny President Donald J. Trump's application for emergency relief. If the Court were to grant the requested relief against the Committee, as far as counsel for the House is aware, it would be the first time that any Court would have overridden Speech or Debate Clause immunity and enjoined the Senate, the House, or any component of the Legislative Branch in the absence of **any** action having been taken first by Congress. *Cf. United States v. House of Representatives of U.S.*, 556 F. Supp. 150, 152-53 (D.D.C. 1983) (granting motion to dismiss a suit filed against the House, one of its Committees and Subcommittees, and House officials that "clearly raises difficult constitutional questions in the context of an intragovernmental dispute" and explaining that "to entertain this declaratory judgment action would be an improper exercise of the discretion granted by the Declaratory Judgment Act"). This is of particular concern where the injunction against a body of Congress would be issued at the behest of the President, raising glaring separation of powers concerns; this is precisely what the Framers of the Constitution wished to guard against.

We are fully aware of the Court's concern about possible mootness and the Court's inability to fashion a remedy, if no injunction is issued now. However, the Supreme Court and the D.C. Circuit have made clear that no injunctive relief would be appropriate against a Congressional actor even to prevent an injury that is otherwise certain to occur (which is, of course, not the case here). *See Rangel v. Boehner*, 785 F.3d 19, 24 (D.C. Cir. 2015) ("[T]he Clause is a very large, albeit essential, grant of privilege. It has enabled reckless men to slander and even destroy others with impunity." (quoting *United States v. Brewster*, 408 U.S. 501, 516 (1972)); *Doe v. McMillan*, 412 U.S. 306, 312-13 (1973)

("Congressmen and their aides are immune from liability for their actions within the 'legislative sphere,' even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes." (quoting *Gravel v. United States*, 408 U.S. 606, 624-25 (1972)).

The Committee does not oppose temporary relief that would not require the Committee's continued involvement in this case.  If this suit continues against the Committee, the Committee should be given the opportunity to file a motion to dismiss raising at that time all of its appropriate arguments.

<u>New York Defendants' Position</u>

The New York Defendants propose that the Court reject the plaintiff's request to enjoin the New York Defendants in light of their strong personal jurisdiction and venue defenses, and instead adopt their proposal described more fully below to rule on those defenses as a threshold matter in consideration for which the Commissioner will voluntarily agree to defer responding to any Committee request for a period of one week following the Court's ruling.

While the All Writs Act allows the Court to issue injunctions in aid of its jurisdiction, it does not enlarge the Court's jurisdiction.  *See Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999).  The New York Defendants maintain that the Court has no personal jurisdiction over them as they are nonresidents and have no minimum contacts with the District of Columbia that could support the exercise of specific jurisdiction under the District of Columbia's long-arm statute.  This is not a close call.  The complaint is devoid of any allegations establishing any contacts between the District of Columbia and either of the New York Defendants, much less facts demonstrating a "discernable relationship" to plaintiff's claims.  *Alkanani v. Aegis Def. Servs., LLC*, 976 F. Supp. 2d 13, 22 (D.D.C. 2014) (quoting *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 329-30 (D.C. 2000)), *appeal dismissed*, No. 14-7056, 2014 WL 4628907 (D.C. Cir. Aug. 11, 2014).  The lack of personal jurisdiction over the

New York Defendants mandates that the claims against them be dismissed, or at the very least transferred to the Southern District of New York.

The New York Defendants also maintain that venue is improper in this District, given the gravamen of plaintiff's claims. As plaintiff's counsel acknowledged at yesterday's hearing, it is not the Committee's request that will give rise to any alleged potential harm, but rather the subsequent delivery of the requested materials by the Commissioner in response to the Committee's request. Tr. at 6:2-4 ("The Court: And the President, I take it, under your view would not suffer any harm from a request, full stop; correct? Mr. Consovoy: That is correct"). Moreover, plaintiff's challenge to the New York statute is premised on purported acts of "retaliation" and "discrimination" taken by members of the New York Legislature in New York. *See* Complaint (ECF No. 1) at ¶¶ 35-59. The complaint alleges no events or omissions by the New York Defendants taking place in the District of Columbia. To the contrary, the New York Defendants work and reside in New York and the Commissioner will review and respond to any requests made under the TRUST Act in New York. A New York court would be the more appropriate forum to adjudicate a constitutional challenge to a New York statute. Indeed, the D.C. Circuit has cautioned that "[c]ourts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993) ("By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere. As our recitation of the facts above should make clear, this was an unusual case to bring in the District of Columbia."). This is just such a case.

The personal jurisdiction and venue defenses discussed above are ripe for adjudication now. They depend solely on the Court's consideration of the relevant law and an analysis of the allegations in the complaint. Accordingly, the New York Defendants urge that these defenses be considered and ruled on by the Court as a threshold matter on an expedited briefing schedule to be agreed to by the

parties.  In the interests of reaching an amicable resolution to plaintiff's emergency application, if the Court were to adopt the New York Defendants' proposal to address the threshold personal jurisdiction and venue defenses now on an expedited schedule, the Commissioner is prepared to voluntarily agree to defer delivering the plaintiff's state tax return information to the Committee in response to any request from the Committee made under the TRUST Act during the pendency of the threshold motion and for a period of one week from the date of the Court's decision in order to afford plaintiff a reasonable opportunity to take whatever steps he deems necessary to protect his interests in the event the Court grants the motion, or alternatively, to afford the parties an opportunity to meet and confer on how to proceed in the event the Court denies the motion.

The New York Defendants respectfully request that the Court adopt their proposal as it satisfies all of the Court's stated goals.  It does not tread *at all* on separation of powers and Speech or Debate Clause concerns because it avoids the need for the Court to issue an injunction against the New York Defendants or the Committee under the All Writs Act as proposed by plaintiff.  It avoids adjudicating matters that are not yet ripe while affording the New York Defendants an opportunity to raise threshold issues that are ripe and will determine the proper forum to consider and decide plaintiff's First Amendment challenge and any preliminary injunction application.  And it ensures that plaintiff's claims do not become moot before they are litigated as a result of the Commissioner's voluntary undertaking not to deliver any materials in response to a request from the Committee (if made) until one week after this Court resolves the New York Defendants' threshold defenses.  During that week-long hiatus following the Court's decision, plaintiff can pursue relief in New York if the Court dismisses or transfers the case, or meet and confer with the defendants over how to proceed if the threshold motion is denied.

Dated: July 30, 2019

   _s/ Douglas N. Letter_____
Douglas N. Letter (D.C. Bar #253492),
   *General Counsel*
Todd B. Tatelman (VA Bar #66008),
   *Deputy General Counsel*
Megan Barbero (MA Bar  #668854),
   *Associate General Counsel*
Josephine Morse (D.C. Bar #1531317),
   *Associate General Counsel*
Brooks M. Hanner (D.C. Bar #1005346),
   *Assistant General Counsel*
OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

*Counsel for Defendant the Committee on Ways and Means of United States House of Representatives*

LETITIA JAMES
Attorney General of the State of New York

   _s/ Andrew Amer_____
Andrew Amer
Special Litigation Counsel
28 Liberty Street, 17th Floor
New York, NY 10005
(212) 416-6127
Andrew.amer@ag.ny.gov

*Counsel for Defendants Letitia James and Michael R. Schmidt*

Respectfully submitted,

   _s/ William S. Consovoy_____
William S. Consovoy (D.C. Bar #493423)
Thomas R. McCarthy (D.C. Bar #489651)
Cameron T. Norris
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
tom@consovoymccarthy.com
cam@consovoymccarthy.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
patrick@consovoymccarthy.com

*Counsel for Plaintiff President Donald J. Trump*