

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial (212) 416-6127

September 25, 2019

**By ECF**
Hon. Carl J. Nichols
United States District Judge
United States District Court for the
District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C.  20001

      Re:   *Trump v. House Committee on Ways and Means, United States House of Representatives, et al.*, Case No. 1:19-cv-2173-CJN (D.D.C.)

Dear Judge Nichols:

      This Office represents Defendants Letitia James, sued in her official capacity as New York Attorney General, and Michael R. Schmidt, sued in his official capacity as Commissioner of the New York State Department of Taxation and Finance (the "New York Defendants"), in the above-referenced action.  I write on behalf of the New York Defendants at the Court's invitation to: (i) provide authority bearing on the Court's power to decide Mr. Trump's facial constitutional challenge to the TRUST Act (Count II) in the event the Court dismisses the New York Defendants for lack of personal jurisdiction or improper venue; and (ii) address Mr. Trump's residency status.

      In the event the Court determines that it lacks personal jurisdiction over the New York Defendants or venue in this District is improper, the Court should sever and dismiss Count II because, under the particular circumstances of this case, it would be procedurally improper for Mr. Trump to pursue his facial challenge to the TRUST Act if the Commissioner is no longer a defendant.  The nature of the TRUST Act is critical to the analysis.  Unlike with other state statutes that might arguably be the subject of a facial challenge in a suit between private parties, the authority granted by the New York Legislature under the TRUST Act that allegedly causes the Plaintiff harm – the authority to disclose the president's state tax return information – is bestowed upon a state official, not a private party.  Because the state statute at issue here authorizes only a state official to engage in the conduct that the Plaintiff alleges will result in his

Hon. Carl J. Nichols
September 23, 2019
Page 2

injury, the state official who will exercise that grant of authority is the proper party to sue; "[t]he proper defendants to [the] facial challenge are the parties responsible for creating or enforcing the challenged law or policy." *Buchanan v. Alexander*, 919 F.3d 847, 854 (5th Cir. 2019) (vacating district court ruling and dismissing First Amendment claim for "failure to sue the proper party") (citing *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 199 n.6 (4th Cir. 1997)). This follows from the fundamental principle that the only means by which a federal court can "invalidate" a state statute is through application of the doctrines of preclusion and precedent. As one constitutional scholar has noted:

> A court has no power to remove a law from the statute books. When a court rules that a statute is invalid – whether as applied, in part, or on its face – the legal force of its decision resides in doctrines of claim and issue preclusion and of precedent. . . .
>
> In cases involving rulings by federal courts on the validity of state statutes . . . the basic point holds. The binding effect of a federal judgment depends on the doctrines of claim and issue preclusion and precedent.

Richard H. Fallon, Jr., *As-Applied and Facial Challenges and Third-Party Standing*, 113 Harv. L. Rev. 1321, 1339-40 (2000) (internal citations omitted). Because it is the authority granted to *the Commissioner* under the TRUST Act to provide Mr. Trump's state tax returns in response to a request that gives rise to the claimed injury, Mr. Trump cannot "invalidate" that statutory authority by pursuing a claim only against *the House Defendants* in a proceeding where the Commissioner is not a defendant at all. In that context, the Court would have no procedural mechanism to enjoin the exercise of the statutory grant of authority upon the Commissioner that gives rise to the injury-in-fact supporting Mr. Trump's Article III standing.[1]

This conclusion is further compelled by the circumstance that the only other defendants who will remain in the case if the New York Defendants are dismissed are the House Defendants, all of whom are absolutely immune from suit under the Speech or Debate Clause (*see* ECF No. 14). Even putting aside the point that the Commissioner is a necessary party to any facial challenge to the TRUST Act because the statute grants to him alone the authority that allegedly harms Mr. Trump, the Court cannot entertain Mr. Trump's constitutional claim after dismissing the New York Defendants if the remaining defendants are absolutely immune from suit as there would be no defendants in the case at all.

---

[1] It is immaterial that the New York Attorney General has the option to intervene in defense of a state law's constitutionality pursuant to Rule 5.1 of the Federal Rules of Civil Procedure. That power rests with the New York Attorney General, not the Commissioner who is the necessary party to Mr. Trump's facial challenge. And Rule 5.1 presumes that a constitutional challenge to a state law is otherwise properly presented; if, as here, jurisdiction is not proper, Rule 5.1 does not independently authorize a federal court to adjudicate the constitutionality of another state's law in the absence of any state defendant.

Hon. Carl J. Nichols
September 23, 2019
Page 3

      To accept the contrary proposition urged by Mr. Trump – that he may raise a facial constitutional challenge to the TRUST Act, without the Commissioner's participation, in D.C. because that is where the request to the Commissioner will originate – would actually permit Mr. Trump to file a facial challenge to the TRUST Act in many jurisdictions in addition to D.C., a result that would be unreasonable as a matter of due process. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 488 (5th Cir. 2008). That is because the Commissioner may exercise his authority under the TRUST Act not only when he receives requests from the chairpersons of the three designated congressional committees sent from their D.C. offices, but also when he receives requests from those individuals sent from their offices in their home states. N.Y. Tax Law § 697 (f-1) (2019). Chairman Neal has two district offices in Massachusetts, and Senator Chuck Grassley, who chairs the Senate Finance Committee and, on a rotating basis with Congressman Neal, chairs the Joint Committee on Taxation, has offices in five cities in Iowa. Representatives and Senators who chair the designated committees in the future could be from any state. Under Mr. Trump's theory, he could bring suit in *any* of these jurisdictions, and obtain an adjudication on the constitutionality of the TRUST Act's grant of authority to the Commissioner without the participation of the Commissioner as a defendant, based on nothing more than the prospect that a request for New York tax returns might originate from there.

      Finally, as to Mr. Trump's residency, the New York State Board of Elections maintains a "voter lookup" directory that is publicly available online at https://voterlookup.elections.ny.gov/. Mr. Trump's voter registration status in this directory currently lists him as a registered voter under his Trump Tower address in Manhattan and indicates his voter status is "active."

      Respectfully submitted,

      /s/ Andrew Amer
      Andrew Amer
      Special Litigation Counsel

cc: Counsel of Record (via ECF)