IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD J. TRUMP,<br>*Plaintiff*,<br><br>v.<br><br>COMMITTEE ON WAYS AND MEANS,<br>UNITED STATES HOUSE OF<br>REPRESENTATIVES, et al.,<br>*Defendants*. | Case No. 1:19-cv-2173-CJN |

## JOINT STATUS REPORT

Per this Court's minute order, the parties have met and conferred and now submit this joint status report. The Court asked the parties to explain "how they plan to proceed in this litigation," given "the Congressional Defendants' voluntary dismissal of their appeal of the Court's November 18, 2019 Memorandum Opinion and Order, as well as the recent change in administration." Order (Mar. 23, 2021). The parties state their respective positions below.

<u>Plaintiff's Position</u>

Plaintiff believes that, if this Court makes one ruling, then its prior order can be vacated and this case can be dismissed. Specifically, the Court should hold that the TRUST Act no longer authorizes the disclosure of Plaintiff's tax information because Plaintiff is no longer "the president of the United States." *E.g.*, N.Y. Tax Law §499(a-1)(1). After months of discussions, Defendants will not agree to that basic proposition. Unless this Court adopts Plaintiff's interpretation of the Act, its order should remain in place until the related litigation over the President's federal returns concludes.

While the TRUST Act is not the clearest statute, the best reading is that it does not apply to former Presidents. The Act's reference to "any current or prior years returns or reports … that were filed under this article by the president of the United States," *id.*, could mean one of two things: either New York can disclose all returns that the *current* President ever filed, or New York can disclose the 1-8 years of returns that some President filed *while he was* President. The first interpretation is better.

The Act covers "*the* president of the United States," not *a* president of the United States. *Id.* (emphasis added). The Act also covers companies that "the president" presently controls or "holds" an interest in, reflecting its focus on the current officeholder. *Id.* And the whole point of the Act was to disclose the tax returns that then-President Trump filed while he was a private citizen. *See* Am. Compl. (Doc. 30) ¶¶33-60.

If the Court disagrees, then Plaintiff asks it to keep its prior order in place until the dispute over the President's federal tax returns is resolved. In that litigation, the House's General Counsel told Judge McFadden that its §6103(f) request for Plaintiff's federal returns survived the change in administration. *See Comm. on Ways & Means v. U.S. Dep't of Treasury*, Doc. 102 at 2, No. 1:19-cv-1974-TNM (Feb. 3, 2021) (citing 1/22/21 Status Conf.). That request, of course, is the key trigger for the TRUST Act. *See, e.g.*, N.Y. Tax Law §499(a-1)(2). So the trigger remains pulled, the Committee is still pursuing Plaintiff's financial information, the Committee won't concede that the TRUST Act is limited to current Presidents, the Committee won't promise not to invoke the TRUST Act against Plaintiff, and the Committee won't agree to give Plaintiff advance notice before it invokes the TRUST Act. Plaintiff thus remains in the exact same dilemma that necessitated this Court's prior order: "there is a sufficiently substantial risk that future harm could occur … [b]ecause a written request has already been made to the Secretary of Treasury for Mr. Trump's federal tax returns," "there are no other preconditions to Chairman Neal's making a [TRUST Act] request," and Plaintiff's claim against Defendants "may both ripen and become moot almost instantaneously." 415 F. Supp. 3d 38, 49-50 (D.D.C. 2019).

If the Committee had objections to this Court's order, it should not have dismissed its appeal. This Court's "very limited relief" remains appropriate, minimally intrusive to Defendants, and essential to Plaintiff. *Id.* at 41.

Defendants' Position

The Committee is not the plaintiff in this case and does not have any current plan for "proceed[ing] in this litigation." At no point has the Chairman or the Committee taken any action with regard to the relevant New York state statute. Indeed, the Chairman and the Committee have taken no action at all with regard to the New York state statute or plaintiff Donald J. Trump's New York state tax returns, nor threatened to take any such action. Under these circumstances, the Committee has all along believed that the Court did not properly respect the constitutional separation of powers principle when it issued a preemptive injunction against House defendants who never took, or even threatened to take, any action that could have been enjoined. Once this Court dismissed the New York defendants for lack of jurisdiction, plaintiff Trump could have attempted to pursue his claims about the New York statute in an appropriate court in that state, rather than against the House defendants (who in any event have Speech or Debate Clause immunity). For whatever reason, plaintiff Trump chose not to do so, and that non-action by him should now serve as a clear signal to this Court that he did not and does not have any claim worth pursuing about the New York state statute. This Court should therefore now immediately dismiss this case, leaving plaintiff Trump with whatever remedies he might wish to pursue in an appropriate court against an appropriate defendant.

Plaintiff Trump nevertheless asserts here that, if the Committee has objections to this Court's order, it should not have dismissed its interlocutory appeal. But the Committee is not required to pursue an appeal of an interlocutory order. "A party can wait until the litigation is over and then bring a single appeal from the final judgment and challenge all nonmoot interlocutory orders, appealable or not, rendered along the way." *Jays Foods, L.L.C. v. Chem. & Allied Prod. Workers Union, Local 20, AFL-CIO*, 208 F.3d 610, 614 (7th Cir. 2000). And, "where the interests of justice require it, [this] court has plenary powers to set aside or otherwise modify its interlocutory orders at any time before final judgment." *Schoen v. Washington Post,* 246 F.2d 670, 673 (D.C. Cir. 1957).

Dated: April 12, 2021

 *s/ William S. Consovoy*

William S. Consovoy (D.C. Bar #493423)
Thomas R. McCarthy (D.C. Bar #489651)
Cameron T. Norris
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com

Patrick Strawbridge (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109

*Counsel for Plaintiff Donald J. Trump*

Respectfully submitted,

 *s/ Douglas N. Letter*
Douglas N. Letter (D.C. Bar #253492)
 *General Counsel*
Todd B. Tatelman (VA Bar #66008)
Megan Barbero (MA Bar #668854)
Brooks M. Hanner (D.C. Bar #1005346)
OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

*Counsel for Defendants the Committee on Ways and Means of the U.S. House of Representatives, Richard Neal, and Andrew Grossman*