IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD J. TRUMP,

*Plaintiff*,

v.

Case No. 1:19-cv-2173-CJN

COMMITTEE ON WAYS AND MEANS,
UNITED STATES HOUSE OF
REPRESENTATIVES, et al.,

*Defendants*.

## JOINT STATUS REPORT

Per this Court's most recent minute order, the parties have met and conferred and now submit this joint status report. The Court asked the parties to "infor[m] the Court of their positions on the status of this case, including any proposal for further action by the Court." Minute Order (Oct. 25, 2022). The parties state their respective positions below.

<u>Plaintiff's Position</u>

Plaintiff stands by his position in the prior joint status report, *see* Doc. 56, with one modification. Plaintiff continues to believe that the TRUST Act covers only the sitting President; but absent some assurance from the Committee that it agrees, that it will not invoke New York's TRUST Act during the current Congress, or that it will at least notify Plaintiff before it does, Plaintiff continues to need the protection of this Court's prior order (Doc. 52). Plaintiff acknowledges, though, that a new House will be sworn in on January 3, 2023. Because the next Committee could take a different view of the TRUST Act—thus allowing this case to be settled or voluntarily dismissed—Plaintiff respectfully asks the Court to order the parties to submit another joint status report in 60 days. *See Comm. on Judiciary of U.S. House of Representatives v. Miers*, 542 F.3d 909, 911 (D.C. Cir. 2008) (entering a stay in October because "the 110th Congress ends on January 3, 2009" and freezing the status quo would allow "the new House an opportunity to express their views on the merits of the lawsuit").

Defendants' Position

The House Committee on Ways and Means ("Committee") has not taken any action with regard to the New York state statute or plaintiff Donald J. Trump's New York state tax returns. The Committee continues to believe that the Court did not properly respect the constitutional separation of powers when it issued a preemptive injunction against the Committee despite the fact that the Committee never took, or even threatened to take, any action that could have been enjoined. Once this Court dismissed the State of New York defendants for lack of jurisdiction, plaintiff Trump should have attempted to pursue his claims related to a statute enacted by the state of New York in an appropriate court in New York, rather than against the House defendants (who in any event have Speech or Debate Clause immunity).

Accordingly, this Court should dismiss this case, leaving plaintiff Trump with whatever available remedies he might seek to pursue against the State of New York.

Dated: November 22, 2022

 s/ Patrick Strawbridge 

Thomas R. McCarthy (D.C. Bar #489651)
Cameron T. Norris
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com

Patrick Strawbridge (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109

*Counsel for Plaintiff Donald J. Trump*

Respectfully submitted,

 s/ Douglas N. Letter 
Douglas N. Letter (D.C. Bar #253492),
  *General Counsel*
Todd B. Tatelman (VA Bar #66008),
  *Deputy General Counsel*
OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov


*Counsel for Defendants the Committee on Ways and Means of the U.S. House of Representatives, Richard Neal, and Andrew Grossman*